FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 2 2 2000


CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CITY OF ALBUQUERQUE, a municipal
corporation,

        Plaintiff,

v.                                    Civ. No. 99-0985 RLP\DJS

UNITED STATES OF AMERICA *ex rel.*,
BRUCE BABBITT, *in his official capacity*
as the Secretary of the United States
Department of the Interior, *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion to Dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(1), alleging lack of subject matter jurisdiction. Having reviewed the parties' submissions and having heard oral arguments, the court grants the motion for all of the reasons set forth below.

Briefly stated, the City of Albuquerque's Complaint for Declaratory Judgment and Injunctive Relief seeks resolution of whether the water purchased by the City pursuant to the San Juan-Chama Project (43 U.S.C. § 615ii, 76 Stat. 96 (June 13, 1962)) and the San Juan-Chama Contract is the sole property of the City, thereby exempting such water from, *inter alia*, diversion, storage, or release pursuant to the Endangered Species Act (ESA), 16 U.S.C. § 1531 *et seq.*, by the Federal Defendants. The Federal Defendants argue that this court lacks jurisdiction because the City's claims are not justiciable based on the doctrines of ripeness and standing.



Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two categories: a facial challenge that attacks the legal sufficiency of the complaint or a factual challenge that attacks the facts upon which subject matter jurisdiction depends. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when "resolution of the jurisdictional question is intertwined with the merits of the case." *Holt*, 46 F.3d at 1003. In this case, the Federal Defendants have challenged the factual basis of the City's complaint and resolution of this challenge is intertwined with the merits of the case.

The Federal Defendants argue that the City lacks standing because it cannot show an actual or a concrete injury. They also argue that the claims are not ripe because the City assumes an entire set of facts that have not occurred; *i.e.*, that the Federal Defendants will release San Juan-Chama water from Heron Reservoir, in violation of statutory and contractual obligations, to preserve habitat for the silvery minnow.

According to the Federal Defendants, the City's lawsuit is premised upon a draft Biological Assessment ("BA") and an ongoing (*i.e.*, not completed) ESA consultation between the Bureau of Reclamation and the United States Fish and Wildlife Service as to the status of the silvery minnow. Because the BA at the time the lawsuit was filed was merely a non-final draft and the consultation process is incomplete, there is no "final agency action" under Section 7 of the ESA and this court lacks subject matter jurisdiction. The Federal Defendants argue that at this point in time it cannot be known what the final

2

BA will recommend, including whether any of the City's San Juan-Chama water will be affected.

In response, the City argues that section 7 of the ESA only applies to discretionary acts and the Federal Defendants have no discretion because the water in question is the sole and private property of the City; thus, no "final agency action" is required. The City argues that declaratory judgment actions by their very nature seek clarification of legal rights and duties and that mere contingency is no impediment to such an action. In support of this position, the City relies on *United States v. Colorado Supreme Court*, 87 F.3d 1161 (10th Cir. 1996), in which the United States challenged application of certain promulgated Colorado Rules of Ethics to federal prosecutors. The defendant moved to dismiss and the district court granted the motion, holding "that the United States lacked standing because federal prosecutors had suffered no injury as a result of application of the rules." *Id.* at 1163. The court noted that since the rules became effective in January 1993, no disciplinary or grievance proceedings had been brought against any federal prosecutor. The Tenth Circuit Court of Appeals reversed: "'Once the gun has been cocked and aimed and the finger is on the trigger, it is not necessary to wait until the bullet strikes to invoke the Declaratory Judgment Act.'" *Id.* at 1166 (quoting *ANR Pipeline v. Corporation Commission of Oklahoma*, 860 F.2d 1571, 1578 (10th Cir. 1988), *cert. denied*, 490 U.S. 1051 (1989)).

"A court cannot reach the merits of a case unless it first satisfies itself that the plaintiff is a proper party to bring the suit and that the issues raised are justiciable. Article III, section 2 of the United States Constitution requires the plaintiff to establish that a 'case

3

or controversy' exists between himself and the defendant which is proper for judicial resolution." *Glover River Organization v. United States*, 675 F.2d 251, 253 (10th Cir. 1982). The case or controversy requirement of Article III admonishes federal courts to avoid "premature adjudication" and to abstain from "entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967).

> The difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In *Maryland Casualty*, a collision occurred between an individual and an employee of the insured. The individual brought suit in state court to recover damages. The insurance company brought an action under the Declaratory Judgment Act that it had no duty to defend or indemnify because the vehicle driven by the employee was not covered under the policy. *Id.* at 271-72. The Court held that despite some contingencies it would nevertheless allow the case to go forward because of the possibility of state and federal courts issuing contrary decisions on coverage. *Id.* at 273.

The difference between the instant case and *Maryland Casualty* is that the "event" triggering the controversy had occurred. This is also why *United States v. Colorado Supreme Court*, 87 F.3d 1161 (10th Cir. 1996), upon which the City relies, is inapposite.

4

Without question, the *Colorado Supreme Court* case would have been dismissed if the state court were merely *considering* promulgating the local rule. See *ANR Pipeline*, 860 F.2d at 1577 (it is the regulation, not its application, that creates the controversy). The state supreme court had acted and even though application of the rule was contingent, the threatened injury was real. Similarly, in *Maryland Casualty*, the accident had occurred and the lawsuit filed; without question, that case could not have been brought *before* the collision.

The Federal Defendants have not thus far taken any action to repudiate the contract's or the Compacts' terms. The City has not changed its position or its future planning in reliance on any action or inaction of the Federal Defendants. There is simply no evidence put before the court that indicates the City has not or will not receive the water to which it is entitled. Given this state of affairs, any opinion issued at this time would be purely advisory.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Dismiss [Doc. 11] is granted and this case is dismissed without prejudice.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

For the Plaintiff:     Bruce T. Thompson, Esq.
                       Richard A. Simms, Esq.

For the Defendants:    John W. Zavitz, Esq.
                       Andrew A. Smith, Esq.